IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 5:04CR30042 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MARC ANTHONY JEFFERS, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

This case is before the court on the defendant's motion for new trial and motion for judgment of acquittal. The defendant's motions claim that the government failed to disclose certain tapes to the defendant; that the defendant was unfairly prejudiced by the conduct of the United States Marshals Service during his trial; and that there was not sufficient evidence to support a conviction on Count Fourteen of the indictment, possession of a firearm in furtherance of a drug trafficking crime. For the following reasons, the court will deny the defendant's motions.

## BACKGROUND

The defendant, Marc Anthony Jeffers, was indicted by a grand jury on June 16, 2004. He was charged with: participating in a conspiracy to distribute cocaine base in Luray, Virginia, beginning in approximately 1999 and continuing through 2002 (Count One); three substantive counts of cocaine base distribution (Counts Two, Three, and Four); and carrying, using, and possessing a firearm in furtherance of a drug trafficking crime (Count Fourteen).

A jury trial was held in Harrisonburg, Virginia, from September 19, 2006 to September 22, 2006. The court granted a judgment of acquittal during the trial as to Counts Two, Three, and Four. The defendant was convicted of Counts One and Fourteen.

On September 29, 2006, the defendant filed a motion for new trial, claiming that the government failed to provide information as required under Brady v. Maryland, 373 U.S. 83 (1963), and that certain conduct of United States Marshals Service prejudiced the defendant. The defendant also filed a motion for judgment of acquittal on Count Fourteen, claiming that the evidence was not sufficient to sustain a conviction. A hearing on the motions was held on November 27, 2006.

## DISCUSSION

### I. Motion for New Trial

Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The United States Court of Appeals for the Fourth Circuit has observed that a trial court "should exercise its discretion to grant a new trial sparingly, and that it should do so only when the evidence weighs heavily against the verdict." United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (internal quotations omitted).

#### A. Failure to disclose tapes

The defendant claims that the government's failure to disclose certain tapes to the defendant prior to trial violated the requirements of Brady. At the trial, Jason Giles, a government witness, testified that he had made more than thirty controlled buys at Shrivers Motel in Luray, Virginia. Giles stated that he made a taped debriefing after each buy; counsel for the defendant then requested the tapes. The court granted the motion, and temporarily suspended Giles' testimony until counsel could listen to the tapes. Contrary to the government's expectations, Giles subsequently testified to the effect that the defendant was not the person who sold him drugs during the controlled buys. As a result, the court granted a judgment of acquittal as to Counts Two, Three, and Four.

2

The defendant now claims that the failure to disclose these tapes prior to trial was in violation of the requirements set forth in Brady. In Brady, the United States Supreme Court held that a state violates a defendant's constitutional rights when it does not disclose "evidence favorable to an accused ... where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. In order to implicate Brady, the evidence in question must be favorable to the accused, held by the government and not disclosed to the defendant, and material to guilt or punishment. Evidence is favorable to a defendant if it could exculpate the accused, or if it could be used to impeach a government witness. United States v. Ellis, 121 F.3d 908, 914 (4th Cir. 1997) (internal citations omitted). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (internal quotations omitted). A reasonable probability of a different outcome occurs if the suppression of evidence "undermines confidence in the outcome of the trial." Id. at 434 (internal quotations omitted).

The defendant claims that the taped debriefings should have been disclosed by the government, because the information on the tapes was favorable and material.[1] According to the defendant, the tapes were favorable because they showed that the defendant was not present at Shrivers Motel during the thirty encounters with members of the conspiracy that occurred over one

---

[1] The court finds it unnecessary to reach the issue of whether the statements were properly disclosed to the defendant prior to trial. At trial on September 21, the court made a finding that the defendant's counsel knew of the tapes before the trial and knew that controlled buys were made by Giles. However, the government and the defendant's counsel have different recollections of the precise circumstances under which the tapes were made available. The court does not find it necessary to resolve these conflicts, basing its decision on other grounds.

3

month. The defendant argues that this information was material because it could have been used to impeach government witnesses who testified before Giles, and claimed that Jeffers was constantly present at Shrivers Motel. The defendant also asserts that the tapes were unavailable, and counsel was not aware of the existence and exculpatory nature of the tapes until the trial. Finally, the defendant claims that there is a reasonable probability that had he been able to use the tapes during cross-examination of government witnesses, a different outcome would have resulted.

After consideration of the content of the tapes, the court concludes that the tapes of Giles' debriefings were not Brady material because they were not favorable to the defendant. Furthermore, even if the information was favorable to the defendant, the tapes were not material because there is not a reasonable probability that the result of the trial would have been different if Giles' inability to identify the defendant had been known prior to the testimony of earlier government witnesses.

Under Brady, evidence that can be used to impeach a government witness is favorable to a defendant. Ellis, 121 F.3d at 914 (internal citations omitted). However, the court concludes that the tapes could not have been used for impeachment purposes. Although none of the specific transactions identified on the tapes specifically inculpated the defendant, they did not exculpate the defendant as to Counts One and Fourteen. The fact that the defendant was not identified during any of the specific controlled buys by Giles could not in any way impeach the testimony of other government witnesses who identified the defendant as a member of the conspiracy. Stated differently, none of these witnesses testified that the defendant sold crack cocaine to Giles. The tapes merely demonstrated that Giles did not link a specific nickname on the tapes to the defendant,

4

which would have definitively placed him at Shrivers Motel during the controlled buys.[2] In fact, Giles identified the defendant at trial, and testified that the defendant frequented Shrivers Motel. The court therefore concludes that the contents of the tapes were not exculpatory, and not required to be disclosed under Brady.

Even if this evidence could be impeaching, however, the court concludes that the information is not material. In Kyles v. Whitley, the Supreme Court described four considerations in a Brady materiality analysis. 514 U.S. at 434-37 (citing United States v. Bagley, 473 U.S. 667 (1985)). First, the Court held that proving materiality requires that the defendant show a "reasonable probability" of a different result; it does not require the defendant to show by a preponderance of the evidence that the undisclosed evidence would have led to acquittal. 514 U.S. at 434. The defendant must show that the suppression of evidence "undermine[d] confidence in the outcome of the trial." Id. Second, the Court explained that a defendant does not have to show that there would have been insufficient evidence to convict the defendant without the undisclosed information. Id. at 434-35. Third, a reviewing court does not need to perform a harmless error analysis once the court has found a constitutional error in the suppression of evidence. Id. at 435-36. Finally, the suppressed evidence must be considered as a whole. Id. at 436-37.

The court concludes that the tapes do not meet the materiality criteria set forth in Kyles, because the defendant has failed to demonstrate that disclosure of the tapes would have resulted in a reasonable probability of a different verdict. Significantly, the contents of the tape were revealed at trial, and used by defendant's counsel in cross-examination and in closing arguments. The United

---

[2]As the court recognized at trial, the tapes were exculpatory as to the defendant's sale of cocaine base to Giles on the specific dates alleged in Counts Two, Three, and Four, and these counts were dismissed at trial. Therefore, the defendant suffered no prejudice as to those counts.

5

States Court of Appeals for the Fourth Circuit has held that there is no due process violation when Brady material is disclosed in time for effective use at trial. United States v. Smith Grading and Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985). The jury was informed of the fact that Giles could not identify the defendant as the seller during the thirty controlled buys at Shrivers Motel; there is not a reasonably probability of a different verdict because the information was disclosed and used at trial. Therefore, the defendant's request for a new trial, based upon the government's purported failure to disclose the tapes, will be denied.

B.  Conduct of the United States Marshals

The defendant claims that he should be granted a new trial because he was unfairly prejudiced by the conduct of members of the United States Marshals Service during his trial. The defendant claims that security officers followed him when he approached the bench during voir dire and that the court later prohibited him from participating in sidebars, giving the appearance to the jury that the defendant was dangerous; that the jury saw him enter the courtroom through the same door where the incarcerated witnesses were entering; and that one of the Marshals serving as courtroom security was called as a witness to testify about the search for the defendant. In support, the defendant cites Holbrook v. Flynn, 475 U.S. 560 (1986), for the proposition that the presence of identifiable security officers may prejudice a defendant during trial.

In Holbrook, the United States Supreme Court held that the use of identifiable security guards in the courtroom is not "inherently prejudicial;" instead, the Court ruled that reviewing courts should evaluate situations on a case-by-case basis. 475 U.S. at 569. The Court went on to conclude that the defendant was not prejudiced, and further noted that:

> even were we able to discern a slight degree of prejudice attributable to the troopers'
> presence at respondent's trial, sufficient cause for this level of security could be
> found in the State's need to maintain custody over defendants who had been denied

6

>bail .... the deployment of troopers was intimately related to the State's legitimate interest in maintaining custody during the proceedings ....

Id. at 571-72.

Applying the inquiry in Holbrook, whether there is "an unacceptable risk [] presented of impermissible factors coming into play," the court concludes that the defendant was not prejudiced by the conduct of the United States Marshals Service at his trial. See 475 U.S. at 570 (internal quotations omitted). First, no actions taken by the Marshals gave the appearance that the defendant was dangerous. The defendant was not shackled during the trial, and all security officers seen with the defendant wore civilian clothing. Furthermore, the defendant has failed to show that the fact that the jurors saw the defendant enter through the same door as the incarcerated witnesses resulted in prejudice. Finally, the court concludes that the presence of United States Marshal Honaker in the courtroom as security, when he was also a witness for the government as to the defendant's capture, did not prejudice the defendant. In fact, in one case, the Fourth Circuit Court of Appeals explained that a defendant was not prejudiced because "jurors may well have believed that the officers seated in the courtroom were waiting to testify." Hill v. Ozmint, 339 F.3d 187, 200 (4th Cir. 2003). The court therefore concludes the circumstances at trial in this case did not result in an unacceptable risk of impermissible factors influencing the jury.

## II.     Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 provides that the court may enter a judgment of acquittal after a jury has returned a verdict against a defendant. Fed. R. Crim. P. 29. However, this court must uphold the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The United

7

Case 5:04-cr-30042-GEC   Document 171   Filed 12/08/06   Page 7 of 9   Pageid#: 602

States Court of Appeals for the Fourth Circuit has defined "substantial evidence" as that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Newsome, 322 F.3d 328, 333-34 (4th Cir. 2003) (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). The court does not review witnesses' credibility, assuming that the jury resolved contradictions in testimony in the government's favor. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

In order to prove a violation of § 924(c), the government must have shown evidence that the possession of a firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). In Lomax, the Fourth Circuit explained that a firearm could be used in a variety of ways to further drug trafficking. For instance, "a gun could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted." Id.

The court's review of the evidence presented at trial leads it to conclude that there is substantial evidence to support the jury's verdict that the defendant possessed a firearm in furtherance of a drug trafficking crime. The court bases its conclusion on the testimony of five witnesses: Adrian Wigington; James Jackson; Shannon Johnson; Lenotto Mewborn; and Joby Chu. These witnesses testified about aspects of the defendant's firearm use in relation to the drug conspiracy, and the court is constrained to conclude that the jury found these witnesses credible. One witness testified that he had sold several guns to the defendant. Several witnesses also testified that the defendant was seen with a pistol in both Luray and Washington, D.C. In addition, the government presented evidence that the defendant stated that he would shoot someone if he had to, if someone were trying to rob him. Based on this evidence, the court concludes that a reasonable

8

finder of fact could conclude that the defendant was guilty beyond a reasonable doubt of possessing a firearm in furtherance of a drug trafficking crime.

## CONCLUSION

For the foregoing reasons, the defendant's motion for a new trial and motion for judgment of acquittal will be denied. The court concludes that there was no duty under <u>Brady</u> to disclose the tapes to the defendant, even assuming that the tapes were not made available to the defendant. In addition, the court concludes that the defendant was not prejudiced by the conduct of the United States Marshals Service. Finally, the court concludes that there was sufficient evidence to support the jury's finding that the defendant was guilty beyond a reasonable doubt of possessing a firearm in furtherance of a drug trafficking crime.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 8th day of December, 2006.

*[signature: Jack Conrad]*

United States District Judge