CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 11 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARC ANTHONY JEFFERS, | ) |
| | ) Criminal Action No. 5:04-cr-30042-1 |
| Petitioner, | ) Civil Action No. 5:10-cv-80293 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

The petitioner, a federal inmate serving a total of 384 months in prison for his convictions in connection with his role in a crack cocaine distribution conspiracy, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. After the government filed a motion to dismiss his petition, the court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), giving the petitioner until January 5, 2011 to file a response to the motion. He has filed nothing in reply. Accordingly, the matter is ripe for determination. For the reasons that follow, the court concludes that the government's motion must be granted.

### Background

On September 22, 2006, following a three-day jury trial, the petitioner, Marc Anthony Jeffers, was convicted on two of the five counts levied against him in the indictment: Count One, which charged him with participating in a conspiracy to distribute 50 grams or more of a substance containing cocaine base ("crack" cocaine), in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846, and Count Fourteen, which charged him with possessing a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c)(1).

Jeffers was sentenced on December 4, 2006. Having determined under the United States Sentencing Guidelines (the "Guidelines") that he possessed a total offense level of 41 and a

criminal history category of I, the court imposed a 324-month term of incarceration on Count One. The court imposed a consecutive sentence of 60 months on Jeffers' § 924(c) conviction, as well as subsequent five-year terms of supervised release on each charge, to run concurrently.

Jeffers appealed his convictions and sentences to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the district court by published opinion. United States v. Jeffers, 570 F.3d 557 (4th Cir. 2009).

Jeffers filed the instant action on November 1, 2010 and has made no reply to the government's motion to dismiss.

## **Discussion**

Because Jeffers is proceeding pro se, his pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that remotely suggests a factual basis for the claim." Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Moreover, "judges are not . . . required to construct a [pro se] party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). Likewise, the court is not required to "attempt[] to divine the point" the litigant seeks to make about the specific facet of the criminal proceedings that he challenges. Id. Where the petitioner's motion, when viewed against the record, does not state a claim for relief, it should be dismissed. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Jeffers essentially raises two categories of claims: (a) that certain aspects of his convictions and sentences violate applicable statutes and the Constitution, and (b) that his

2

counsel was unconstitutionally ineffective for having failed to raise several of these arguments at his trial. The court treats these arguments in turn.

A.

Within the first general category of claims, Jeffers appears to be pursuing six specific arguments: (1) that the grand jury panel in his case was unconstitutionally-composed; (2) that the prosecution's decision to prosecute a charge that required proof of Jeffers' subjective intent (to distribute drugs) was improper; (3) that his prior state convictions were improperly used to enhance his sentence; (4) that the court improperly handled evidence of his prior criminal record such that it unfairly prejudiced him; (5) that the sentencing court exceeded the applicable Guidelines range by imposing an additional term of supervised release; and (6) that the resulting sentence exceeds the statutory maximum and results in cruel and unusual punishment.

None of these claims, however, were raised on direct appeal. See United States v. Jeffers, 570 F.3d 557 (4th Cir. 2009). Strangely, the government has argued only that one of his claims is procedurally defaulted. (Mot. to Dismiss at 22-23.) Of course, "procedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter." Trest v. Cain, 522 U.S. 87, 89 (1997). Still, "a federal habeas court possesses the authority, in its discretion, to decide a petitioner's claim on the basis of procedural default despite the failure of the state to properly preserve procedural default as a defense." Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999). Accordingly, the court concludes that each of these claims is procedurally defaulted. Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Because Jeffers has made no effort to demonstrate "either 'cause'

3

and actual 'prejudice'" for his default or that he is "actually innocent," each of these claims must be dismissed. Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485, 496 (1986)).

It is clear, in any event, that each of Jeffers' claims is without merit. His first claim protests against the grand jury proceeding in his case, arguing not only that the particular grand jury empaneled in his case was biased against him, but that the grand jury's very function in returning an indictment violates separation of powers principles inasmuch as it is a delegation to non-judicial officers of the court's Article III power to decide cases and controversies. In this latter respect, of course, Jeffers is merely expressing his displeasure with the clear dictate of the Fifth Amendment. See U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . ."); United States v. Williams, 504 U.S. 36, 47-50 (1992). To the extent that he summarily claims that the grand jury proceedings in his particular case were biased or otherwise improper, he has pointed to nothing whatsoever to support such an assertion. As a claim composed of merely conclusory statements, it must be dismissed. Raines, 423 F.2d at 529.

Jeffers' argument that the subjective mental intent required to support his drug distribution conviction could not have been proved to any jury because they are not "mind-readers" is frivolous. Courts have long held that "[t]he question of one's intent is not measured by a psychic reading of [the defendant's] mind but by the surrounding facts and circumstances; i.e., circumstantial evidence." United States v. Bolden, 325 F.3d 471, 494 (4th Cir. 2003) (quoting United States v. Larson, 581 F.2d 664, 667 (7th Cir. 1978)). The jury here was likewise entitled to rely on the plentiful circumstantial evidence that suggested his subjective mental

intent.

Jeffers' petition also takes issue with the fact that his prior state convictions were used to enhance his sentence under the Guidelines, claiming that such use violates his right against double jeopardy. Unfortunately for Jeffers' argument, the prior convictions did not enhance his sentence. Admittedly, the presentence report ("PSR") found that he had a criminal history category of I, based on one criminal history point due to a prior state conviction for attempted theft. But Jeffers would have been assessed as having a criminal history category of I, even if he had zero criminal history points. See U.S.S.G. § 5A ("Sentencing Table"). Jeffers' prior state convictions therefore made absolutely no difference to his Guidelines calculations. And in any event, it is well-established that the court's consideration of his prior state convictions would not violate the Double Jeopardy Clause or the Ex Post Facto Clause, even if they had any impact on his ultimate sentence. See United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995). See also United States v. Thompson, 421 F.3d 278 (4th Cir. 2005) (where the defendant does not contest the facts related to prior convictions, relying on them to determine a defendant's criminal history does not violate the Sixth Amendment).

Jeffers also argues that the court's treatment of his criminal record in some manner violated Rule 403 of the Federal Rules of Evidence or was unfairly prejudicial to him inasmuch as it cast him as a criminal in the eyes of the jury. He also claims that 18 U.S.C. § 922(g)(1) is unconstitutional because it prejudicially "implants" a prior criminal conviction in a defendant's indictment. But he never testified at trial; no evidence of his criminal record was introduced at trial; and he was not prosecuted under § 922(g). These claims are without merit.

With respect to his sentencing, Jeffers complains that the court exceeded the applicable

Guidelines range by imposing a supervised released term beyond that which was authorized under the Guidelines. Nevertheless, there is no question that a five-year term of supervised release is specifically authorized for the offenses of which Jeffers was convicted. See 18 U.S.C. § 3583; U.S.S.G. § 5D1.2. See also United States v. Good, 25 F.3d 218, 220 (4th Cir. 1994).

Finally, Jeffers claims that the court's imposition of consecutive sentences on Counts One and Fourteen exceeds the statutory maximum and constitutes cruel and unusual punishment. But the court had no choice. As the United States Supreme Court has recently clarified, sentencing courts are statutorily obligated to run a defendant's § 924(c) conviction consecutively. Abbott v. United States, 131 S. Ct. 18, 23 (2010). See also United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir. 2001). Further, any contention that his sentence exceeds the statutory maximum is frivolous, given that the maximum possible penalty for his § 841(b)(1)(A) conviction is life imprisonment. See id. Each of his claims must therefore be dismissed.

B.

Jeffers also argues that his trial counsel was unconstitutionally ineffective by virtue of his failure to raise several of the arguments that Jeffers brings before the court in his current petition. To prove that his counsel's representation was so defective as to require that his conviction be vacated, Jeffers must satisfy both prongs of the two-part standard articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). He must first show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To do so, he "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotations omitted). Second, he must show that counsel's defective performance resulted in prejudice; that is, he must demonstrate a

"reasonable probability" that, but for counsel's unreasonable errors, the outcome would have been different. Id. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id. If it is clear that Jeffers has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

Jeffers alleges six areas in which his counsel was allegedly insufficient: (1) failure to challenge the indictment; (2) failure to file adequate pretrial motions; (3) failure to challenge the constitutionality of the Guidelines or challenge the use of his state convictions for enhancement purposes; (4) failure to object to the imposition of a term of supervised release; (5) failure to argue that the indictment was tainted because of the unconstitutionality of the grand jury; and (6) engaging in a "fraud upon the court by allowing the Government to expose the defendant to a miscarriage of justice." (Pet. Br. at 1.)

Jeffers has provided absolutely no argument with respect to any of these alleged areas of insufficiency, instead simply listing them on the first page of the memorandum in support of his petition. It is therefore impossible for the court to conclude that any of these allegations have merit. Not only has he failed to overcome the well-established principle that counsel has no constitutional duty to raise every non-frivolous issue or argument requested by a criminal defendant, Jones v. Barnes, 463 U.S. 745, 754 (1983), he has, moreover, failed to demonstrate that he suffered prejudice as a result of any of these acts or omissions by counsel—particularly given that several of them have been found meritless by the court this day. Strickland, 466 U.S. at 694; Engle v. Isaac, 456 U.S. 107, 133-34 (1982); Carrier, 477 U.S. at 535. Any objection that Jeffers has with his counsel's decisions regarding pretrial motions is so under-developed that it is impossible for the court to determine upon what basis Jeffers seeks to impugn his counsel's

7

efforts, even if the court was not "reluctant to second guess the tactics of trial lawyers." Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) (per curiam). The sixth of Jeffers' allegations—regarding a purported "miscarriage of justice"—is similarly so conclusory that the court cannot countenance it. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (despite the "indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties . . . [d]istrict judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments."). Each of these claims must therefore be dismissed. Raines, 423 F.2d at 529.[1]

## Conclusion

For these reasons, the court concludes that the motion to dismiss must be granted.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or of this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell,

---

[1] In the concluding paragraph of his petition, Jeffers also contends that he is eligible for a sentence reduction under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), and the Emergency Amendments to the United States Sentencing Guidelines that were recently promulgated pursuant to the Act. But, as has previously been explained to Jeffers by the court, while the Fair Sentencing Act "may apply to those defendants not yet sentenced as of the date of its enactment," United States v. Newman, 2010 U.S. Dist. LEXIS 120241, at *1 (W.D. Va. Nov. 14, 2010), the Act "does not apply retroactively" to the defendant, whose sentence was entered prior to its enactment. See United States v. Wilson, 2010 U.S. App. LEXIS 23442, at *4 (4th Cir. Nov. 12, 2010) (per curiam). Likewise, the United States Sentencing Commission has not indicated whether the Emergency Amendments, effective November 1, 2010, are or will be applied retroactively to sentences imposed before the Fair Sentence Act was enacted. Accordingly, the court will not reduce Jeffers' sentence on this ground at this time. He may again seek the court's intervention if the new Guidelines provisions are given retroactive effect.

537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of the entry of the order dismissing his petition, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the government.

ENTER: This 10th day of February, 2011.

_____
Chief United States District Judge